# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>ALEX CHAVEZ,<br>　　　　Defendant. | Case No. 10-cr-00824-BLF-7<br><br>ORDER DENYING DEFENDANT'S MOTION TO MODIFY IMPOSITION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2)<br><br>[RE: ECF 342] |

Defendant Alex Chavez, a federal prisoner serving a 120-month term of imprisonment, has filed a pro se motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2). Def.'s Motion, ECF 342. The motion is DENIED for the reasons discussed below.

## I.　BACKGROUND

On April 27, 2011, a grand jury issued a second superseding indictment charging multiple defendants with drug and firearm offenses. Chavez was charged with Conspiracy to Possess with Intent to Distribute, to Distribute, and to Manufacture Methamphetamine in violation of 21 U.S.C. § 846 (Count 1); Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count 5); and Possession or Receipt of Firearm in Commerce with Removed or Altered Serial Number in violation of 18 U.S.C. § 922(k) (Count 6). Second Superseding Indictment, ECF 63.

Chavez thereafter entered into a written Plea Agreement with the Government pursuant to Rules 11(c)(1)(A) and 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Plea Agreement, ECF 287. The Plea Agreement provided that Chavez would plead guilty to Count 5 only and that the sentence on Count 5 would be 120 months imprisonment, 5 years supervised release, and a special assessment in the amount of $100. *Id.* ¶¶ 1, 8. The Plea Agreement also contained an

express waiver of Chavez's right to seek relief under 18 U.S.C. § 3582. *Id.* ¶ 5. Judge D. Lowell Jensen, the district judge then assigned to the case, accepted Chavez's plea on May 16, 2013. Order Accepting Plea, ECF 288.

Prior to sentencing, the Government submitted a sentencing memorandum in support of the parties' joint recommended sentence as set forth in the Plea Agreement, noting that the Probation Officer also concurred with the recommendation. Gov't Sentencing Memo. at 1, ECF 305. The Government stated that the recommended 120-month term of imprisonment was below the low end of the Guidelines range, 151 months, but it argued that a 120-month term of imprisonment was sufficient in light of Chavez's intact and supportive family, demonstrated capacity to reform, and agreement to waive appeal, "thereby ensuring that this litigation will end with his sentencing." *Id* at 2. Chavez did not file a sentencing memorandum.

On July 31, 2014, Judge Jensen imposed the sentence which was set forth in the Plea Agreement and requested in the Government's sentencing memorandum: 120 months imprisonment, 5 years supervised release, and a special assessment in the amount of $100. Minutes, ECF 330; Judgment, ECF 331. Judge Jensen also dismissed Counts 1 and 6 of the second superseding indictment on the motion of the Government. *Id.*

Chavez, proceeding pro se, has filed a motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2). The Federal Public Defender's Office has filed a Notice of Non-Intervention, indicating that "the Office of the Federal Public Defender in the Northern District of California has reviewed Defendant's motion and has nothing further to add to his request." Notice of Non-Intervention, ECF 343. Because Judge Jensen has retired, this case has been reassigned to the undersigned judge.

**II. DISCUSSION**

**A. Chavez has Waived the Right to Seek Relief under 18 U.S.C. § 3582**

In his Plea Agreement, Chavez expressly waived the right to seek relief under 18 U.S.C. § 3582. Plea Agreement ¶ 5, ECF 287 ("I also agree not to seek relief under 18 U.S.C. § 3582."). "Such a waiver is enforceable if (1) the language of the waiver encompasses the relief sought, and (2) the waiver is knowingly and voluntarily made." *United States v. Malone,* 503 Fed. App'x 499,

500 (9th Cir. 2012) (internal quotation marks and citation omitted). In *Malone*, the Ninth Circuit reversed the district court's order granting the defendant's motion for reduction of sentence because the defendant had "waived his right to move for a sentence reduction under § 3582(c)(2) in his underlying plea agreement." *Id.* at 499. The record did not suggest the existence of "any recognized ground for excusing waiver, such as claims involving breach of the plea agreement, racial disparity in sentencing among codefendants or an illegal sentence imposed in excess of a maximum statutory penalty." *Id.* at 500 (internal quotation marks and citation omitted). To the extent that new grounds for sentence reduction may have developed after execution of the plea agreement, the Ninth Circuit held that "a favorable change in the law does not entitle a defendant to renege on a knowing and voluntary guilty plea." *Id.* (internal quotation marks and citation omitted).

As in *Malone*, the record before this Court does not suggest any ground for excusing Chavez's waiver of the right to seek relief under 18 U.S.C. § 3582. Accordingly, Chavez's motion is DENIED.

### B. Chavez is not Entitled to a Reduction of Sentence under § 3582(c)(2)

Section 3582(c)(2) authorizes a Court to reduce a defendant's sentence "on its own motion." 18 U.S.C. § 3582(c)(2); *Malone*, 503 Fed. App'x at 500. Even if this Court were to exercise its power to consider application of Amendment 782 on its own motion in this case, Chavez would not be entitled to a reduction of his sentence. "Under federal sentencing law, a district court generally 'may not modify a term of imprisonment once it has been imposed.'" *Rodriguez-Soriano*, 855 F.3d at 1042 (quoting 18 U.S.C. § 3582(c)). "This baseline rule is subject to an important exception: a district court may reduce a sentence based on a guideline range that is later lowered by the Sentencing Commission." *Id.* (citing 18 U.S.C. § 3582(c)(2)). Deciding whether to reduce a defendant's sentence under § 3582(c)(2) is a two-step process. *Id.* "[A] district court first determines a defendant's eligibility for a reduction." *Id.* "If a defendant is eligible, the court must then consider the factors in 18 U.S.C. § 3553(a) and assess whether the requested reduction is warranted." *Id.*

In order to establish eligibility, "a defendant must show (1) that his sentence was 'based

3

on' a guideline range that has since been lowered, and (2) that the reduction he seeks is 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Rodriguez-Soriano*, 855 F.3d at 1042 (quoting 18 U.S.C. § 3582(c)(2)). "[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with [the applicable] policy statement if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment n.1. Put another way, "[t]he mandatory minimum applies in section 3582(c)(2) proceedings." *United States v. Waipa*, 667 Fed. App'x 217 (9th Cir. 2016). Thus when considering a motion under § 3582(c)(2), a district court has no authority to reduce a defendant's sentence below the statutory mandatory minimum. *Id.* ("Waipa's 120-month sentence reflects the mandatory minimum for his offense. . . . Thus, the district court correctly concluded that it had no authority to reduce Waipa's sentence below 120 months."); *see also United States v. Zuniga-Sanchez*, No. 16-30028, 2017 WL 745723, at *1 (9th Cir. Feb 27, 2017) (holding that district court could not reduce defendant's sentence below the 120-month statutory mandatory minimum).

Chavez pled guilty to a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). Plea Agreement ¶ 1, ECF 287. The Plea Agreement stated correctly that the statutory mandatory minimum term of imprisonment for that offense is 10 years. *Id.*; *see also* 21 U.S.C. § 841(b)(1)(A)(viii) (where offense involves "50 grams or more of methamphetamine," the offender "shall be sentenced to a term of imprisonment which may not be less than 10 years"). Chavez was sentenced to the mandatory minimum term of imprisonment of 120 months, or 10 years. Under the cases discussed above, this Court lacks authority to reduce Chavez's sentence below the statutory mandatory minimum.[1]

---

[1] Chavez asserts in his motion that he was sentenced pursuant to a guideline range of 108-135 months and that application of a subsequent amendment to the sentencing guidelines would lower his guideline range to 87-108 months. Def.'s Motion ¶ 9, ECF 342. The Government's sentencing memorandum indicated that the low end of the applicable guideline range was 151 months and recommended that Chavez be sentenced below the guideline range. Gov't Memo. at 2, ECF 305. The Court need not resolve this discrepancy because even if it were to assume that Chavez is correct regarding the applicable guideline range, the Court could not grant Chavez a reduction in sentence below the statutory mandatory minimum.

4

**III. ORDER**

Chavez's motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2) is DENIED.

Dated: July 10, 2017

_____
BETH LABSON FREEMAN
United States District Judge